IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED

| | | |
|---|---|---|
| WILLIAM A. CLARK, et al. | ) | 2007 NOV 27 P 3: 34 |
| | ) | |
| **Plaintiff,** | ) | DEBRA P. HACKETT, CLK |
| | ) | **US Court of Federal Claims** |
| v. | ) | |
| | ) | Case No.  1:00-CV-644C |
| THE UNITED STATES, | ) | |
| | ) | 2:07-mc-3377-MEF |
| **Defendant.** | ) | |
| | ) | |

## OBJECTIONS TO PLAINTIFFS' SUBPOENA
## AND
## MOTION TO QUASH

Comes now the State Military Department, an agency of the State of Alabama doing business as the Alabama National Guard, by and through counsel, Troy King, Attorney General of Alabama, and Jack Wallace, Jr., Assistant Attorney General to object to the Plaintiff's subpoena for production of documents and for deposition of a Rule 30(b)(6) representative, and to further request that this Honorable Court quash or modify the subpoena pursuant to FRCivP Rule 45(c)(3)(A).   As grounds, the Alabama National Guard states that:

1.   The Alabama National Guard (hereinafter "ALNG") objects to Plaintiffs' subpoena duces tecum issued out of the United States District Court for the Middle District of Alabama on November 8, 2007 and served on the ALNG on November 13, 2007.   The ALNG is not a party to the action but is a nonparty from which the Plaintiff seeks very extensive discovery.   A copy of the subpoena and schedules is attached to this motion as Exhibit A.

2.  The subpoena is unduly burdensome for the ALNG to comply with because the documents sought have been described so broadly that it would require the production of every single document produced by the ALNG since 1962, the beginning date of the materials sought by the Plaintiffs.  In light of the vast scope of the materials sought, the subpoena fails to allow reasonable time for compliance.  Furthermore, the vast scope of the subpoena requires disclosure of privileged or other protected matter and no exception or waiver applies.

3.  The testimony sought by deposition of the FRCivP Rule 30(b)(6) representative is co-extensive with the scope of the documents sought making it impossible and unduly burdensome for the ALNG to comply.

4.  Counsel for the ALNG and Plaintiffs' Counsel are engaged in discussions to attempt to resolve the issues raised herein by the ALNG but have not been able to resolve them as of today which is the deadline for filing objections to the subpoena pursuant to FRCivP Rule 45(c).  Counsel for ALNG and Plaintiffs' Counsel will continue their bona fide discussions in an attempt to resolve all matters objectionable.

5.  ALNG's objections and grounds for its motion to quash are set forth with specificity hereinafter.

## I.    THE DEFINITIONS AND INSTRUCTIONS

Definitions

A.    The ALNG objects to the definition of "correspondence course," as contained in Schedule A, para. 2, as overly broad and unduly burdensome to the extent it includes "correspondence courses" not prescribed by the Secretary of Defense, Secretary of the Army, or

Secretary of the Air Force and completed by named plaintiffs Clark and Mustin.

B.     The ALNG objects to the definition of "individual military education," as contained in Schedule A, para. 5, as overly broad and unduly burdensome to the extent it includes educational programs not prescribed by the Secretary of Defense, Secretary of the Army, or Secretary of the Air Force and completed by named plaintiffs Clark and Mustin.

C.     The ALNG objects to the definition of "military education system," as contained in Schedule A, para. 5, as overly broad and unduly burdensome to the extent it includes educational programs and courses not prescribed by the Secretary of Defense, Secretary of the Army, or Secretary of the Air Force and completed by named plaintiffs Clark and Mustin.

D.     The ALNG objects to the definitions of "prerequisite" and "subcourse" in paragraphs 12 and 15 which are taken DA PAM 351-20. The Plaintiffs' did not specify the publication date of said pamphlet and therefore the ALNG cannot determine the meaning intended by the Plaintiffs by the use of said terms. Military publications often change very quickly and it is imperative to know the publication date of any publication referenced.

**Instructions**

A.    The ALNG objects to Instruction 3 to the extent that it commands the production of information regarding asserted privileges exceeding that required by Federal Rule of Civil Procedure 26(b)(5). The ALNG further objects to the instruction that any privilege log be produced on the date documents are commanded to be produced as unreasonably burdensome.

B.    The ALNG objects to Instruction 6 to the extent that it requires information concerning documents not currently in its possession or control thereby exceeding the scope of discovery permitted by Rules 26, 34 and 45 of the Federal Rules of Civil Procedure.

**II. TIME PERIOD.**

The ALNG objects to the command to produce responsive documents from the period September 7, 1962 to present on the grounds that it is unduly burdensome and expensive and does not appear to be related to named plaintiffs Clark and Mustin's periods of service in the ALNG.

**II.    THE PORTION OF THE SUBPOENA COMMANDING PRODUCTION OF DOCUMENTS.**

A.    The ALNG objects to Item numbers 1-29, as listed in Schedule A, on the    grounds that the Federal Court of Claims' August 7, 2007 Order establishes October 1, 2007 as the cut-off date for "written

discovery" and, therefore, prohibits plaintiffs from commanding by subpoena duces tecum the production of any documents from the nonparty ALNG.

B.    The ALNG objects to Item numbers 1 and 6-29, as listed in Schedule A,  on the grounds that the Federal Court of Claims' July 15, 2004 Order limits the scope of discovery "to materials applicable to the named Plaintiffs in this case" and, therefore, prohibits plaintiffs from commanding by subpoena duces tecum the production of documentsrelating to any other member of the ALNG, such information being outside the scope of permissible discovery.

C.    The ALNG objects to Item numbers 1 and 6-29, as listed in Schedule A,  on the grounds that, given the factual issues remaining in the case, as established by orders of the United States Court of Federal Claims and opinions of the United States Court of Appeals for the Federal Circuit, i.e., whether the Secretaries concerned prescribed correspondence courses and, if so, what courses the named plaintiffs completed, the documents sought  are not relevant to a claim or defense of any party to the action or reasonably calculated to lead to the discovery of admissible evidence. [1]

D.    The ALNG objects to Item numbers 1-29, as listed in Schedule A, on the grounds that the subpoena fails to allow reasonable time for compliance.

---

[1] Clark v. U.S., 69 Fed.CL 443 (Fed.CL., 2006); Clark v. United States, 322 F.3d 1358 (Fed.Cir 2003)

E.    The ALNG objects to Item numbers 1-29, as listed in Schedule A, on the    grounds that the subpoena subjects the ALNG, a nonparty, to undue burden and expense.

F.    The ALNG objects to Item numbers 1-29, as listed in Schedule B, because, on information and belief, they are, in most part, unreasonably cumulative and duplicative of what previously has been provided by the defendant, and by the ALNG through the defendant, in written discovery and deposition testimony. Upon information and belief, the remaining discovery sought is obtainable from the defendant, who can provide it more conveniently and with less burden and expense than can the ALNG.

G.    The ALNG objects to Item numbers 1-29, as listed in Schedule A, on the grounds the plaintiffs have had ample opportunity by discovery in the underlying civil action to obtain the information sought.

H.    The ALNG objects to Item numbers 1-29, as listed in Schedule A, on the grounds that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the proponents'    and    respondent's resources, the importance of the issues at stake in    the litigation, and the importance of the proposed discovery in resolving the issues.

I.    The ALNG objects to Item numbers 2-5, as listed in Schedule A, onthe grounds that The Privacy Act, 5 U.S.C. 552a(b)(11)

prohibits the disclosure of such personnel records except by court order, which we interpret to require an order signed by a judge.

### III. THE PORTION OF THE SUBPOENA COMMANDING ONE OR MORE OF THE ALABAMA NATIONAL GUARD'S OFFICERS APPEAR AND TESTIFY AT DEPOSITION.

A.    The ALNG objects to Topic numbers 5-29, as listed in Schedule B, on the grounds that the Federal Court of Claims' July 15, 2004 Order limits the scope of discovery "to materials applicable to the named Plaintiffs in this case" and, therefore, prohibits plaintiffs from commanding testimony about other members of the ALNG.

B.    The ALNG objects to Topic numbers 1-29, as listed in Schedule B, on the grounds that, given the factual issues remaining in the case, as established by orders of the United States Court of Federal Claims and opinions of the United States Court of Appeals for the Federal Circuit, i.e., whether the Secretaries concerned prescribed correspondence courses and, if so, what courses the named plaintiffs completed, the testimony sought is not relevant to a claim or defense of any party to the action or reasonably calculated to lead to the discovery of admissible evidence.

C.    The ALNG objects to Topic numbers 1-29, as listed in Schedule B, on the grounds that the subpoena fails to allow reasonable time to designate and prepare ALNG officers for deposition.

D.     The ALNG objects to Topic numbers 1-29, as listed in Schedule B, on the grounds that the proposed depositions subject the ALNG, a nonparty, to undue burden and expense.

E.     The ALNG objects to Topic numbers 1-29, as listed in Schedule B, because, on information and belief, they are, in most part, unreasonably cumulative and duplicative of what previously has been provided by the defendant, and by the ALNG through the defendant, in written discovery and deposition testimony. Upon information and belief, the remaining discovery sought is obtainable from the defendant, who can provide it more conveniently and with less burden and expense than can the ALNG.

F.     The ALNG objects to Topic numbers 1-29, as listed in Schedule B, on the grounds the plaintiffs have had ample opportunity by discovery in the underlying civil action to obtain the information sought.

G.     The ALNG objects to Topic numbers 1-29, as listed in Schedule B, on the grounds that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the proponents' and respondent's resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

H.     The ALNG objects to Topic numbers 1-4, as listed in Schedule B, on the grounds that The Privacy Act, 5 U.S.C. 552a(b)(11)

prohibits the disclosure of such personnel records  except by court order, which we interpret to require an order signed by a judge.

Respectfully Submitted,

TROY KING
ATTORNEY GENERAL

Jack Wallace, Jr.
Assistant Attorney General

Address of Counsel

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7555
(334) 242-2433 – fax
jwallace@ago.state.al.us

9

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of Court and served

a copy of the same of the following parties:

Helen Michael, Esq.
Peter Tracey, Esq.
Howrey, LLP
1299 Pennsylvania Avenue
Washington, DC 20004

Copeland, Franco, Screws and Gill
444 Perry Street
Montgomery, AL 36101

Jack Wallace, Jr.
Assistant Attorney General

10

AO88 (Rev. 12/06) Subpoena in a Civil Case



### Issued by the
# UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT DISTRICT OF ALABAMA

William A. Clark, et. al.

V.

United States of America

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 00-644C
(United States Ct. of Federal Claims)

TO: Alabama National Guard
    ATTN: Major General Abner C. Blalock
    Alabama National Guard Public Affairs
    PO Box 3711
    Montgomery, AL 36109

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Copeland, Franco, Screws & Gill<br>444 Perry Street<br>Montgomery, AL 36101<br><br>*Please see attached Schedule B for the matters on which examination is requested. | 10:00 a.m.<br>December 7, 2007 |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
*Please see attached Schedule A for specific documents requested.

| PLACE | DATE AND TIME |
|---|---|
| Copeland, Franco, Screws & Gill<br>444 Perry Street<br>Montgomery, AL 36101 | 10:00 a.m.<br>December 7, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_ (Plaintiffs' Counsel) | November 8, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Helen Michael, Esq.
Howrey LLP
1299 Pennsylvania Ave. NW
Washington, DC 20004
202-783-0800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE<br>November 8, 2007 | PLACE<br>PO Box 3711<br>Montgomery, AL 36109 |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME)<br>Alabama National Guard | MANNER OF SERVICE<br>United States Postal Service |
|---|---|

| SERVED BY (PRINT NAME)<br>Helen Michael, Esq. | TITLE<br>Attorney |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     November 8, 2007
                        DATE

_____
SIGNATURE OF SERVER
Helen Michael, Esq.

_____
ADDRESS OF SERVER
Howrey LLP
1299 Pennsylvania Ave. NW
Washington, DC 20004

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

**SCHEDULE A**

## I.    DEFINITIONS

For the purposes of this subpoena, terms not specifically defined shall be given their ordinary meaning. Use of the singular is also to be taken to include the plural, and vice-versa. The terms "and" and "or" have both conjunctive and disjunctive meanings. The terms "any" or "each" shall be construed to include and encompass "all" and the use of the word "the" shall not be construed as limiting the scope of any request.

1. "Alabama National Guard" means all agencies, units, organizations, and instrumentalities of the Alabama National Guard, and includes both the Alabama Air National Guard and the Alabama Army National Guard and all of the, agencies, units, organizations, and instrumentalities thereof.

2. "Correspondence course" means any type of training, instruction or education that is currently or was formerly offered by any means of a self-directed program of study, taken without the presence of an instructor or teacher.

3. "Document" is defined to be synonymous and equal in scope to usage of this term in Federal Court of Claims Rule 34(a). A document refers to a complete original or a true, correct, and complete copy and any non-identical copies of any written, graphic, typed, printed, filmed, recorded or electronic information in the custody and control of the United States or its agencies and instrumentalities no matter how produced, recorded, stored or reproduced, including computer generated or stored data (together with any instructions, programs, or passwords necessary to search and retrieve such data), as well as, without limitation, any writing, letter, telegram, electronic mail or message, statement, book, report, study, analysis, digest, record, handwritten note, working paper, chart, graph, diagram, drawing, photograph, videotape, audio recording, diary, notes of interviews or communications, as well all applicable statutes, regulations, policy guidance,

1

directives, pamphlets, field manuals, memoranda, or implementing correspondence or instructions issued by any organization.

4. The term "functional training" has the same meaning it does in Field Manual 7-0, section 1-29.

5. The term "individual military education" encompasses the educational programs offered by the Army to which certain of the Specified Courses belong, which include, but are not limited to the following: the Officer Education System ("OES"); the Non Commissioned Officer Training System ("NCOES"); the Warrant Officer Education System ("WOES'); Professional Military Education ("PME"); and functional training.

6. The term "in-residence" when used to modify the terms "course," "instruction," or "training" refers to the type of "course," "instruction," or training" that is provided at an approved military training institution where students attend in the presence of an instructor, who conducts the training while in an active duty or inactive duty status.

7. The acronym "METL" stands for "Mission Essential Task List" and refers to the list that defines a particular military unit's operational capabilities.  The METL defines the tasks that a unit must perform, the conditions under which the tasks might take place, and the standards to which the tasks must be accomplished in order to complete a mission. The tasks describe activities or objectives to be achieved; the conditions define the environment under which the tasks have to be accomplished; and the standards provide measures of effectiveness for determining whether the tasks have been accomplished successfully.

8. The term "military education system" refers to the education systems or series of courses offered by the Army to which certain of the Specified Courses belong, specifically, the Officer Education System ("OES"); the Non Commissioned

Officer Training System ("NCOES"); and the Warrant Officer Education System ("WOES.")

9.  "National Guard" refers to the National Guard of the several states, which is governed by Title 32 of the U.S. Code. The term is defined to include the Air National Guard and Army National Guard.

10. "National Guard of the United States" refers to the National Guard of the United States, which is governed by Title 10 of the U.S. Code. The term is defined to include the Air National Guard of the United States and the Army National Guard of the United States.

11. "Plaintiffs" refers collectively to the parties listed in the Amended Complaint, including William A. Clark, James P. Davern, Robert E. Freeburg, Willie R. Johnson, Robert A. Mustin, Carol Risser, John Does 1 through 4 and Jane Does 2 and 3. At times herein, the term "Plaintiffs" is also used to mean each respective Plaintiff named and listed in the amended complaint.

12. The term "prerequisite" has the same meaning as it does in DA PAM 351-20, Army Correspondence Course Catalog.

13. "Relating to" or "related to" mean addressing, constituting, containing, concerning, discussing, describing, identifying, involving, analyzing, reflecting, regarding, referring to, showing, mentioning, stating, or pertaining to a given subject in whole or in part.

14. "Specified courses" refer to the correspondence courses or any subcourse thereof enrolled in by plaintiffs, which include, but are not limited to the following:

- Advanced Enlisted Professional Development Course ("AEPDC")
- Advanced Non-Commissioned Officer Course ("ANCOC")
- Army War College;
- Associate Logistics Executive Development course;
- Automated Logistical Specialist course;

3

- Aviation Maintenance Management course;
- Aviation Warrant Officer Advanced Course (or any other Officer Advanced Course)
- Basic Non-Commissioned Officer Course ("BNCOC");
- Basic Enlisted Professional Development Course ("BEPDC")
- Command and General Staff Officer Course ("CGSOC");
- Mechanical Maintenance NCO Course;
- Ordnance Officer Advanced Course (or any other Officer Advanced Course.)

15. "Subcourse" has the same meaning as it does in DA PAM 351-20, Army Correspondence Course Catalog.

16. The term "this litigation" refers to *Clark v. United States*, Case No. 00-644C.

17. "You" or "your" includes the Alabama National Guard, and all its agencies, units, organizations, and instrumentalities, including but not limited to the Alabama Air National Guard and Alabama Army National Guard, and all of the agencies, units, organizations, and instrumentalities thereof.

## II.     INSTRUCTIONS

1. All documents shall be produced in the order they are kept in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof.

2. You shall produce the original of each document described below or if the original is not in your custody, then a copy thereof, and in any event, all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

4

3. If production of documents is withheld on the ground of privilege, as to each such withheld document provide the following information no later than the first date on which documents are produced.

    a.   which privilege is claimed;

    b.   a precise statement of the facts upon which said claim of privilege is based;

    c.   the following information describing each purportedly privileged document:

         i.   its nature, e.g., agreement, letter, memorandum, tape, etc.;

         ii.   the date it was prepared;

         iii.   the date it bears;

         iv.   the date it was sent;

         v.   the date it was received;

         vi.   the identity of the person preparing it;

         vii.   the identity of the person sending it;

         viii.   the identity of each person to whom it was sent or was to have been sent, including all addressees and all recipients of copies; and

         ix.   a statement as to whom each identified person represented or purported to represent at all relevant times; and

    d.   a description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

4. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural

person in whose possession they were found and the business address of each document's custodian(s).

5. Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reasons or reasons it is not being produced in full and describe with particularity those portions of the document which are not being produced.

6. If a document responsive to these requests was at any time in your possession, custody or control but is no longer available for production, as to each such document state the following information:

    a. whether the document is missing or lost;

    b. whether the document has been destroyed;

    c. whether the document has been transferred or delivered to another person and, if so, at whose request;

    d. whether the document has been otherwise disposed of; and

    e. the circumstances surrounding the disposition of the document and the date of its disposition.

## III.    TIME PERIOD

These requests refer to the period from September 7, 1962 through the present, unless otherwise specifically indicated.

## IV.    DOCUMENT REQUESTS

1. All documents relating to this litigation.

2. All documents concerning, discussing, or relating to plaintiff William A Clark.

3. The complete personnel file for plaintiff William A. Clark.

4. All documents concerning, discussing, or relating to plaintiff Robert A. Mustin.

6

5. The complete personnel file for plaintiff Robert A. Mustin.

6. All documents related to correspondence courses for members of the Alabama National Guard.

7. All documents related to compensation for completion of correspondence courses by members of the Alabama National Guard.

8. All documents related to individual military education requirements for members of the Alabama National Guard.

9. All documents related to correspondence coursework as it relates to federal military education and promotion requirements.

10. All documents related to the standards, requirements, or process for promotion for members of the Alabama National Guard, including but not limited to standards and requirements for maintaining a member's current rank or advancing in rank.

11. All documents related to reduction in grade for failure to complete any individual military education, including correspondence coursework.

12. All documents relating to the separation policies of the Alabama National Guard, including, but not limited to, involuntary separation and bars to reenlistment.

13. All documents concerning the function, structure, makeup, relevant regulations and guidance, and decision-making discretion of selective retention boards (SRBs) and qualitative retention boards (QRBs).

14. All documents concerning whether any commissioned officer, warrant officer, or noncommissioned officer in the Alabama National Guard is subject to an "up and out policy," under which such officer will be involuntarily separated from service if they are not selected for promotion within a specified time period.

15. All documents concerning whether any commissioned officer, warrant officer, or noncommissioned officer in the Alabama National Guard who has failed to complete the training necessary for promotion and skill qualification, including

7

but not limited to correspondence courses, may be involuntarily separated from services or barred from reenlistment.

16. All documents relating to the consequences of the Alabama National Guard members of failing to complete required individual military education and training, including correspondence coursework.

17. All documents related to conditional promotion, where the condition is completion of individual military education, including correspondence coursework.

18. All documents, signed, authored or issued by commanders at any level relating to the need for one or more members of the Alabama National Guard to complete any Specified Course or Courses, any in residence equivalent(s) or phase(s) of a Specified Course, any prerequisite course for any Specified Course, any courses or subcourses within any of the Military Education Systems, or any functional training.

19. All form orders relating to training of a member of the Alabama National Guard, including correspondence coursework.

20. All directives, orders, or commands authored or issued by commanders at any level relating to training members of the Alabama National Guard.

21. All documents identifying any Specified Course, in residence equivalent or phase, any prerequisite course for any Specified Course, any component course or subcourse of a Military Education System, or any functional training as:

    a.  a prerequisite for promotion to any rank;

    b.  a prerequisite for Military Occupational Specialty ("MOS")

    c.  a prerequisite for advancement in any military position, specialty, rank/grade, or career field; and/or

    d.  satisfying the training requirements for deployment eligibility;

8

22. For all in residence courses for which completion of any Specified Course is a prerequisite, all documents identifying such in residence course as:

    a. a prerequisite for promotion to any rank;

    b. a prerequisite for Military Occupational Specialty ("MOS");

    c. a prerequisite for advancement in any military position, rank/grade, specialty, or career field; and/or

    d. satisfying the training requirements for deployment eligibility.

23. All documents relating to any quotas that govern how many Alabama National Guard or other military service personnel may take in-residence courses at any given point in time.

24. All documents relating to the requirements that must be satisfied for the Alabama National Guard units to obtain federal recognition and federal funding.

25. All documents relating to the enrollment process for the Specified Courses, including but not limited to, any approvals or authorizations required to enroll in any Specified Course.

26. All documents relating to any process or system, paper or electronic, used to record track, or document the enrollment in or completion of any individual or self-development training by a member of the National Guard.

27. All documents relating to members of the Alabama National Guard completing individual or self-development training through correspondence courses for any reason, including meeting mission requirements.

28. All documents relating to the MOS training plans or Mission Essential Task Lists ("METL") for units of the Alabama National Guard.

29. All documents relating to manpower requirements on an annual basis for the Alabama National Guard, including but not limited to the number of needed service personnel in particular military specialties, and the number of needed non-commissioned and commissioned officers of particular ranks.

9

## SCHEDULE B

In accordance with Federal Court of Claims Rule 30(b)(6), Plaintiffs request that the Alabama National Guard designate a representative to testify concerning the following matters, which incorporate by reference the definitions and time period set forth in Schedule A that accompanies this subpoena.

1. All facts related to all documents concerning, discussing, or relating to Plaintiff William A. Clark.

2. All facts related to the complete personnel file for Plaintiff William A. Clark.

3. All facts related to all documents concerning, discussing, or relating to Plaintiff Robert A. Mustin.

4. All facts relating to the complete personnel file for plaintiff Robert A. Mustin.

5. All facts related to correspondence courses for members of the Alabama National Guard.

6. All facts related to compensation for completion of correspondence courses by members of the Alabama National Guard.

7. All facts related to individual military education requirements for members of the Alabama National Guard.

8. All facts related to correspondence coursework as it relates to federal military education and promotion requirements.

9. All facts related to the standards, requirements, or process for promotion for members of the Alabama National Guard, including but not limited to standards and requirements for maintaining a member's current rank or advancing in rank.

10. All facts related to reduction in grade for failure to complete any individual military education, including correspondence coursework.

11. All facts related to conditional promotion, where the condition is completion of individual military education, including correspondence coursework.

10

12. All facts related to all documents, signed, authored or issued by commanders at any level relating to the need for one or more members of the Alabama National Guard to complete any Specified Course or Courses, any in residence equivalent(s) or phase(s) of a Specified Course, any prerequisite course for any Specified Course, any courses or subcourses within any of the Military Education Systems, or any functional training.

13. All facts relating to the separation policies of the Alabama National Guard, including, but not limited to, involuntary separation and bars to reenlistment.

14. All facts concerning the function, structure, makeup, relevant regulations and guidance, and decision-making discretion of selective retention boards (SRBs) and qualitative retention boards (QRBs).

15. All facts concerning whether any commissioned officer, warrant officer, or noncommissioned officer in the Alabama National Guard is subject to an "up and out policy," under which such officer will be involuntarily separated from service if they are not selected for promotion within a specified time period.

16. All facts concerning whether any commissioned officer, warrant officer, or noncommissioned officer in the Alabama National Guard who has failed to complete the training necessary for promotion and skill qualification, including but not limited to correspondence courses, may be involuntarily separated from services or barred from reenlistment.

17. All facts relating to the consequences of the Alabama National Guard members of failing to complete required individual military education and training, including correspondence coursework.

18. All facts related to form orders relating to training of a member of the Alabama National Guard, including correspondence coursework.

11

19. All facts related to all directives, orders, or commands authored or issued by commanders at any level relating to training members of the Alabama National Guard.

20. All facts related to documents identifying any Specified Course, in residence equivalent or phase, any prerequisite course for any Specified Course, any component course or subcourse of a Military Education System, or any functional training as:

    a.  a prerequisite for promotion to any rank;

    b.  a prerequisite for Military Occupational Specialty ("MOS")

    c.  a prerequisite for advancement in any military position, specialty, rank/grade, or career field; and/or

    d.  satisfying the training requirements for deployment eligibility;

21. For all in residence courses for which completion of any Specified Course is a prerequisite, all facts relating to all documents identifying such in residence course as:

    e.  a prerequisite for promotion to any rank;

    f.  a prerequisite for Military Occupational Specialty ("MOS");

    g.  a prerequisite for advancement in any military position, rank/grade, specialty, or career field; and/or

    h.  satisfying the training requirements for deployment eligibility.

22. All facts relating to the enrollment process for the Specified Courses, including but not limited to, any approvals or authorizations required to enroll in any Specified Course.

23. All facts relating to any quotas that govern how many Alabama National Guard personnel may take in-residence courses to any given point in time.

24. All facts relating to the requirements that must be satisfied for the Alabama National Guard units to obtain federal recognition and federal funding.

12

25. All facts relating to any process or system, paper or electronic, used to record, track, or document the enrollment in or completion of any individual or self-development training by a member of the National Guard.

26. All facts relating to members of the Alabama National Guard completing individual or self-development training through correspondence courses for any reason, including meeting mission requirements.

27. All facts relating to the MOS training plans or Mission Essential Task Lists ("METL") for units of the Alabama National Guard.

28. All facts relating to manpower requirements on an annual basis for the Alabama National Guard, including but not limited to the number of needed service personnel in particular military specialties, and the number of needed non-commissioned and commissioned officers of particular ranks.

29. All facts relating to the retention, custodian, organization, collection, and selection of all documents reviewed or produced in response to Schedule A that accompanies this subpoena.

ECF, PROTO, REOPEN

# US Court of Federal Claims
## United States Court of Federal Claims (COFC)
## CIVIL DOCKET FOR CASE #: 1:00-cv-00644-NBF

CLARK v. USA
Assigned to: Judge Nancy B. Firestone
Demand: $0
Cause: 28:1491 Tucker Act

Date Filed: 11/01/2000
Nature of Suit: 356 Military Pay - Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**WILLIAM A. CLARK**

represented by **Helen Katherine Michael**
Howrey Simon, et al.
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
(202) 383-7156
Fax: (202) 383-6610
Email: michaelh@howrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Thomas Dorman**
Cunningham, Bounds, et al.
1601 Dauphin Street
Mobile, AL 36604
(334) 471-6191
*TERMINATED: 03/01/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JAMES P. DAVERN**

represented by **Helen Katherine Michael**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ROBERT E. FREEBURG**

represented by **Helen Katherine Michael**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**WILLIE R. JOHNSON**

represented by **Helen Katherine Michael**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ROBERT A. MUSTIN**                    represented by **Helen Katherine Michael**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**JOHN DOES 1 - 4**                     represented by **Helen Katherine Michael**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**JANE DOES 1 - 3**                     represented by **Helen Katherine Michael**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**USA**                                 represented by **Douglas K. Mickle**
                                        U. S. Department of Justice
                                        Commercial Litigation Branch, Civil
                                        Div.
                                        1100 L Street, NW
                                        8th Floor
                                        Washington, DC 20530
                                        202-307-0383
                                        Fax: 202-353-7988
                                        Email: douglas.mickle@usdoj.gov
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **John Sinclair Groat**
                                        U. S. Department of Justice
                                        Civil Div. - Commercial litigation Br.
                                        1100 L Street, NW
                                        8th Floor
                                        Washington, DC 20530
                                        202-616-8260
                                        Fax: 202-514-7965
                                        Email: jack.groat@usdoj.gov
                                        *TERMINATED: 02/02/2004*
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/01/2000 | 1 | COMPLAINT, FILING FEE $120, RECEIPT #050697. Answer due on 1/2/01. (FE) (Entered: 11/01/2000) |
| 11/01/2000 | 2 | Notice of assignment to Judge Edward J. Damich. Copy to parties. (FE) (Entered: 11/01/2000) |
| 11/01/2000 | 3 | MOTION by WILLIAM A. CLARK (Service: 11/1/00) to Certify Class Response due: 11/15/00. (FE) (Entered: 11/01/2000) |
| 11/13/2000 | 4 | NOTICE of Attorney Appearance for USA by John Sinclair Groat Service : 11/13/00 (JT) (Entered: 11/15/2000) |
| 11/17/2000 | 5 | ORDER re: Standard Special Procedures [revised October 19, 2000] (signed by Judge Edward J. Damich). Copy to parties. (FE) (Entered: 11/20/2000) |
| 11/20/2000 | 6 | MOTION by USA (Service : 11/20/00 ) to Extend Time to respond to Plaintiff's motion for class certification [until January 2, 2001]. Response due: 12/7/00 (JT) (Entered: 11/22/2000) |
| 11/21/2000 | 7 | ORDER granting [6-1] motion to Extend Time to respond to Plaintiff's motion for class certification. Defendant's Response to [3-1] motion to Certify Class reset to 1/2/01. ( signed by Judge Edward J. Damich ) Copy to parties. (JT) (Entered: 11/27/2000) |
| 12/14/2000 | 8 | STATUS REPORT and MEMORANDUM by USA. Service: 12/14/00. (FE) (Entered: 12/15/2000) |
| 12/21/2000 | 9 | ORDER set Status Conference for 10:00 a.m., 1/23/01. ( signed by Judge Edward J. Damich ) Copy to parties. (JT) (Entered: 12/27/2000) |
| 01/02/2001 | 10 | ORDER directing the Clerk of the Court to return the documents to plaintiff for correction - [does not comply with 81(d)(4) - RCFC] ( signed by Judge Edward J. Damich ) Copy to parties. (HW) (Entered: 01/03/2001) |
| 01/16/2001 | 11 | NOTICE of response to defendant's status report and memorandum by WILLIAM A. CLARK, filed by leave of the Judge. Service: 1/12/01 (HW) (Entered: 01/16/2001) |
| 01/17/2001 | 12 | ORDER directing the Court to return the Plaintiffs Motion for Substitution of Counsel of Record; The document does not comply with Rule 81(d)(4) because the affidavit of appointment is not signed by the new attorney (signed by Judge Edward J. Damich) Copy to parties. (FE) (Entered: 01/17/2001) |
| 01/23/2001 | | Status Conference held ( Transcript due 2/22/01 ) (DS) (Entered: 01/23/2001) |
| 01/23/2001 | 13 | ORDER re: Defendant's oral motion made at the status conference to stay it's response to plaintiff's motion for class |

| | | certification is granted Defendant's Motion Filing deadline to 2/6/01 (signed by Judge Edward J. Damich). Copy to parties. (FE) (Entered: 01/23/2001) |
|---|---|---|
| 02/06/2001 | 14 | MOTION by USA (Service: 2/6/01) to Dismiss . Response due: 3/9/01. (FE) (Entered: 02/07/2001) |
| 02/21/2001 | 15 | TRANSCRIPT of proceedings re: Status Conference, 1 volume, at Washington, D.C., for date of January 23, 2001. Notice to parties. (FE) (Entered: 02/21/2001) |
| 02/21/2001 | 16 | ORDER re: Pursuant to Rule 11 and 81(d) the plaintiff's motion for an enlargement of time shall be returned for not complying with the Rules of the Court (signed by Chief Judge Lawrence M. Baskir). Copy to parties. (FE) (Entered: 02/23/2001) |
| 03/01/2001 | 17 | MOTION by WILLIAM A. CLARK (Service : 3/1/01 ) to Extend Time to respond to motion to dismiss until 03/26/01 . (LTD) (Entered: 03/01/2001) |
| 03/01/2001 | 18 | MOTION by WILLIAM A. CLARK (Service : 3/1/01 ) to substitute attorney (consented) Terminated attorney Richard Thomas Dorman for WILLIAM A. CLARK Added Helen Katherine Michael. (LTD) (Entered: 03/01/2001) |
| 03/02/2001 | 19 | ORDER granting [17-1] motion to Extend Time to respond to motion to dismiss until 03/26/01 Response to [14-1] motion to Dismiss reset to 3/26/01 (signed by Judge Edward J. Damich). Copy to parties. (FE) (Entered: 03/05/2001) |
| 03/06/2001 | 20 | ORDER re: The Clerk of the Court is ordered to return the defendant's "Response to Plaintiff's Motion for Substitution" as moot, the motion of the plaintiff was consented (signed by Judge Edward J. Damich). Copy to parties. (FE) (Entered: 03/06/2001) |
| 03/26/2001 | 21 | RESPONSE by WILLIAM A. CLARK (Service: 3/26/01) to [14-1] motion to Dismiss, (filed with a (1) one volume appendix in support). Reply due: 4/12/01. (FE) (Entered: 03/27/2001) |
| 04/17/2001 | 22 | ORDER re: Defendant's "Reply to it's Motion to Dismiss" shall be returned for correction of it's defect's and the brief shall be filed if received by 4/23/01 (signed by Judge Edward J. Damich). Copy to parties. (FE) (Entered: 04/18/2001) |
| 04/18/2001 | 23 | REPLY by USA to response to [14-1] motion to Dismiss. Service: 4/18/01. (FE) (Entered: 04/19/2001) |
| 06/12/2001 | 24 | ORDER oral argument set for 3:30 p.m. on 7/19/01 for [14-1] motion to Dismiss (signed by Judge Edward J. Damich). Copy to parties. (LTD) (Entered: 06/13/2001) |
| 07/19/2001 | | Oral Argument re: [14-1] motion to Dismiss by USA ( Transcript due 7/24/01 ) (DS) (Entered: 07/20/2001) |

| 07/20/2001 | 25 | MOTION by WILLIAM A. CLARK (Service: 7/19/01) to supplement appendix to plaintiff's opposition to defendant's motion to dismiss and memorandum in support , by leave of the Judge. Response due: 8/13/01. (FE) (Entered: 07/20/2001) |
|---|---|---|
| 07/23/2001 | 26 | ORDER Defendant's supplemental Brief is due on 7/30/01 , and Plaintiff's response to the brief is due on 8/10/01 (signed by Judge Edward Damich). Copy to parties. (LTD) (Entered: 07/23/2001) |
| 07/23/2001 | 27 | NOTICE of filing (military personnel record) by USA Filed by leave of the Judge. Service: 7/20/01. (LTD) (Entered: 07/23/2001) |
| 07/23/2001 | 28 | ORDER granting [25-1] motion to supplement appendix to plaintiff's opposition to defendant's motion to dismiss and memorandum in support (signed by Judge Edward J. Damich). Copy to parties. (LTD) (Entered: 07/23/2001) |
| 07/23/2001 | 29 | Supplement to Appendix to response to Motion to Dismiss. (LTD) (Entered: 07/23/2001) |
| 07/26/2001 | 30 | NOTICE of FILING "Army Correspondence Course Program enrollment history" by WILLIAM A. CLARK. Service: 7/26/01. (FE) (Entered: 07/27/2001) |
| 07/30/2001 | 31 | TRANSCRIPT of proceedings 1 volume (94 pages), at Washington, D.C., for date of July 19, 2001. Notice to parties. (FE) (Entered: 07/31/2001) |
| 07/30/2001 | 32 | SUPPLEMENTAL BRIEF by USA to [26-3] order. Service: 7/30/01. (LTD) (Entered: 07/31/2001) |
| 08/10/2001 | 33 | SUPPLEMENTAL RESPONSE by WILLIAM A. CLARK to [23-1] motion reply by USA. Service: 8/10/01. (LTD) (Entered: 08/13/2001) |
| 10/29/2001 | 34 | MOTION by USA (Service : 10/29/01 ) for Leave to supplemental authority . Response due: 11/15/01 (HW) (Entered: 10/31/2001) |
| 11/15/2001 | 35 | RESPONSE by WILLIAM A. CLARK (Service: 11/15/01 ) to [34-1] motion for Leave to supplemental authority. Reply due: 12/3/01. (HW) (Entered: 11/16/2001) |
| 11/29/2001 | 36 | PUBLISHED DECISION granting [14-1] motion to Dismiss and the clerk is directed to dismiss the complaint with prejudice because plaintiff fails to state a claim upon which relief can be granted. ( signed by Judge Edward J. Damich ). Copy to parties. (LD) (Entered: 11/29/2001) |
| 11/29/2001 | 37 | JUDGMENT entered, pursuant to Rule 58, that the complaint is dismissed, with prejudice because plaintiff fails to state a claim upon which relief can be granted. (signed by Clerk). Copy to parties. (LD) (Entered: 11/29/2001) |
| 11/29/2001 | | Case closed (LD) (Entered: 11/29/2001) |

| 12/21/2001 | 38 | Bill of costs by USA Service: 12/21/01 ( Objection to Bill of Costs due by 1/2/02 ) (HW) (Entered: 12/27/2001) |
| 01/04/2002 | 39 | OBJECTION (Reply due 1/18/02) by WILLIAM A. CLARK to [38-1] bill of costs by USA. Service: 1/4/02 (also includes motion to stay taxing of costs pending appeal) (DS) (Entered: 01/10/2002) |
| 01/04/2002 | 39 | MOTION by WILLIAM A. CLARK (Service: 1/4/02) to stay taxing of costs pending appeal . Response due: 1/22/02 (included in objection to bill of costs) (DS) (Entered: 01/10/2002) |
| 01/10/2002 | 40 | RESPONSE by USA (Service: 1/10/02) to [39-1] motion to stay taxing of costs pending appeal. Reply due: 1/25/02. (LTD) (Entered: 01/11/2002) |
| 01/23/2002 | 41 | NOTICE OF APPEAL by WILLIAM A. CLARK. Copy to Judge Edward J. Damich, Defendant and to CAFC. FILING FEE $105.00; RECEIPT #053115. (HW) (Entered: 01/23/2002) |
| 02/01/2002 | | CAFC Case Number Re: [41-1] appeal by WILLIAM A. CLARK CAFC NUMBER: 02-5062 (HW) (Entered: 02/05/2002) |
| 08/22/2003 | 42 | MANDATE of CAFC reversing [36] Published Decision, and remanding case. (hw1, ) (Entered: 08/29/2003) |
| 10/07/2003 | 44 | SCHEDULING ORDER:A Telephonic Status Conference will be held on 10/29/2003 03:00 PM before Chief Judge Edward J. Damich. Parties will file a Joint Preliminary Status Report on or before 10/22/2003. Signed by Judge Edward J. Damich. (jcp, ) (Entered: 10/15/2003) |
| 10/22/2003 | 45 | JOINT PRELIMINARY STATUS REPORT by Plaintiff on Behalf of Both Parties. Service: 10/22/03.(jcp, ) (Entered: 10/27/2003) |
| 11/19/2003 | 46 | SCHEDULING ORDER: It is hereby ORDERED that the Status Conference originally scheduled for 10/29/2003, is rescheduled for Wednesday, 1/14/2004 10:00 AM in National Courts Building before Chief Judge Edward J. Damich. The parties are to appear in person. Parties shall file any updates to their JPSR of 10/22/2003 on or before 1/7/2004. Signed by Judge Edward J. Damich. (jcp, ) (Entered: 11/25/2003) |
| 01/13/2004 | 47 | ORDER RETURNING: Pltf's 1/7/2004 filing be returned as deficiently filed under RCFC 5.3(c) and (d). Parties are advised that future filings that do not comply with the RCFC may not be accepted. Signed by Judge Edward J. Damich. (jcp, ) (Entered: 01/15/2004) |
| 01/14/2004 | | Set/Reset Transcript Deadlines: Transcript due by 2/17/2004. (vp1, ) (Entered: 01/14/2004) |
| 01/14/2004 | 48 | SCHEDULING ORDER: Dft is hereby ORDERED to file, by 1/28/2004, a memorandum more clearly explaining its interpretation of the opinion by the Court of Appeals for the |

|  |  |  |
|---|---|---|
|  |  | Federal Circuit in Clark v. United States (#02-5062). This memorandum shall not exceed five pages in length. Pltf, if it so chooses, may file a Response to Dft's memorandum, not to exceed five pages, by 2/4/2004. Signed by Judge Edward J. Damich. (jcp, ) (Entered: 01/16/2004) |
| 01/21/2004 |  | Minute Entry for proceedings held before Chief Judge Edward J. Damich: Status Conference was held at the National Courts Building on 1/14/2004. (amf) (Entered: 01/21/2004) |
| 01/28/2004 | 49 | TRANSCRIPT of Proceedings in One Volume held on 1/14/2004 before Chief Judge Edward J. Damich. (jcp, ) (Entered: 02/02/2004) |
| 01/28/2004 | 50 | SUPPLEMENTAL PRELIMINARY JOINT PRELIMINARY STATUS REPORT. [FILED BY LEAVE OF THE JUDGE] Service: 1/21/2004.(jcp, ) (Entered: 02/02/2004) |
| 01/28/2004 | 51 | MEMORANDUM by USA Pursuant to the Court's Order, Explaining its Interpretation of the Opinion of the US Court of Appeals for the Federal Circuit Remanding the Case to This Court. Service: 1/28/2004.(jcp, ) (Entered: 02/03/2004) |
| 02/04/2004 | 52 | RESPONSE to [51] Memorandum filed by WILLIAM A. CLARK. Service: 2/3/04.(hw1, ) (Entered: 02/09/2004) |
| 02/23/2004 | 53 | NOTICE of Appearance by Douglas K. Mickle for USA. Service: 2/23/2004.(jcp, ) (Entered: 03/01/2004) |
| 03/19/2004 | 54 | STATUS CONFERENCE ORDER: Dft is hereby permitted to file a motion for summary judgment. A telephonic Status Conference will be held on Tuesday, 3/30/2004 10:00 AM before Chief Judge Edward J. Damich. Signed by Judge Edward J. Damich. (jcp, ) (Entered: 03/24/2004) |
| 03/29/2004 |  | Set/Reset Transcript Deadlines: Transcript due by 4/30/2004. (vp1, ) (Entered: 03/29/2004) |
| 03/30/2004 |  | Minute Entryfor proceedings held before Chief Judge Edward J. Damich: Telephonic Status Conference held on 3/30/2004. (sms) (Entered: 03/30/2004) |
| 03/30/2004 | 55 | SCHEDULING ORDER: Dft shall file, on or before Monday, 4/26/2004, a motion for summary judgment in accordance with this Court's 3/19/2004 order. Pltf shall file, on or before Monday, 5/3/2004, a reaction to the motion for summary judgment. A telephonic Status Conference will be held on Thursday, 5/6/2004 03:00 PM before Chief Judge Edward J. Damich. Signed by Judge Edward J. Damich. (jcp, ) (Entered: 04/01/2004) |
| 04/26/2004 | 56 | UNOPPOSED MOTION for Extension of Time until 4/30/2004 to file Dft's Motion for Summary Judgment by USA.Service: 4/26/2004. Response due by 5/13/2004. (jcp, ) (Entered: |

| | | |
|---|---|---|
| | | 04/28/2004) |
| 04/28/2004 | 58 | TRANSCRIPT of Proceedings held on March 30, 2004 before Chief Judge Damich. (jat, ) (Entered: 05/04/2004) |
| 04/29/2004 | 57 | ORDER granting [56] Dft's Unopposed Motion for Extension of Time. Dft shall file its motion on or before 4/30/2004. Pltf shall file a memorandum on or before 5/7/2004. Signed by Judge Edward J. Damich. (jcp, ) (Entered: 04/30/2004) |
| 04/30/2004 | 59 | PROPOSED FINDINGS of Uncontroverted Fact by USA. Service: 4/30/2004.(jcp, ) (Entered: 05/05/2004) |
| 04/30/2004 | 60 | MOTION for Summary Judgment, Together with Two (2) Separately Bound Appendix Volumes, by USA.Service: 4/30/2004. Response due by 5/7/2004. (jcp, ) (Entered: 05/05/2004) |
| 05/06/2004 | 61 | UNOPPOSED MOTION for Extension of Time until 5/14/2004 to Make a Submission to the Court Indentifying the Discovery Necessary to Oppose Dft's Motion for Summary Judgment by WILLIAM A. CLARK.Service: 5/6/2004. Response due by 5/24/2004. (jcp, ) (Entered: 05/10/2004) |
| 05/13/2004 | 62 | ORDER granting [61] Pltf's Unopposed Motion for Extension of Time to Make a Submission to the Court Indentifying the Discovery Necessary to Oppose Dft's Motion for Summary Judgment.Pltf shall file the submission on or before 5/14/2004. Signed by Judge Nancy B. Firestone, Acting Chief Judge for Chief Judge Edward J. Damich. (jcp, ) (Entered: 05/17/2004) |
| 05/14/2004 | 63 | MEMORANDUM Regarding Discovery Required to Respond to Dft's Motion for Summary Judgment, by WILLIAM A. CLARK. Service: 5/14/2004.(jcp, ) (Entered: 05/18/2004) |
| 05/14/2004 | 64 | MOTION for Class Certification, by WILLIAM A. CLARK.Service: 5/14/2004. Response due by 6/1/2004. (jcp, ) (Entered: 05/18/2004) |
| 05/25/2004 | | Set/Reset Transcript Deadlines: Transcript due by 6/28/2004. (vp1, ) (Entered: 05/25/2004) |
| 05/27/2004 | 65 | AMENDED COMPLAINT. [FILED BY LEAVE OF THE JUDGE] Service: 5/14/2004.(jcp, ) (Entered: 06/01/2004) |
| 05/28/2004 | 66 | TRANSCRIPT of Proceedings in One Volume held on 5/26/2004 before Chief Judge Edward J. Damich. (jcp, ) (Entered: 06/02/2004) |
| 05/28/2004 | 67 | SCHEDULING ORDER: Pltf shall file on or before 6/16/2004, a memorandum addressing what he believes are the key legal issues for this Court to resolve in this case. Signed by Judge Francis M. Allegra for Chief Judge Edward J. Damich. (jcp, ) (Entered: 06/02/2004) |
| | | |

| 06/10/2004 | 68 | MOTION to Schedule Status Conference by WILLIAM A. CLARK.Service: 6/10/2004. Response due by 6/28/2004. (jcp, ) (Entered: 06/15/2004) |
| 06/10/2004 | 69 | UNOPPOSED MOTION for Extension of Time until 7/7/2004 to file Memorandum Requested in the Court's Order Dated 5/28/2004 by WILLIAM A. CLARK.Service: 6/10/2004. Response due by 6/28/2004. (jcp, ) (Entered: 06/15/2004) |
| 06/24/2004 | 70 | ORDER granting [68] Motion for Status Conference, granting [69] Motion for Extension of Time. Status Conference set for 7/13/2004 03:00 PM before Chief Judge Edward J. Damich. Plaintiff shall file the memorandum referenced in this Court's 5/28/04 order by 7/6/2004. Signed by Judge Edward J. Damich. (jat, ) (Entered: 06/28/2004) |
| 07/06/2004 | 71 | RESPONSE to May 28, 2004 Order regarding legal issues remaining in the case (together with separate two volume appendix) filed by WILLIAM A. CLARK. Service: 7/6/2004.(hw1, ) (Entered: 07/08/2004) |
| 07/13/2004 | | Minute Entry for proceedings held before Chief Judge Edward J. Damich: Status Conference held on 7/13/2004. (sms) (Entered: 07/13/2004) |
| 07/15/2004 | 72 | DISCOVERY SCHEDULING ORDER: Pltfs are allowed to take discovery in the following areas to prepare their defense to Dft's Motion for Summary Judgment. Dft shall furnish to Pltfs the following documents and things, including information stored in electronic form: (See order for details). Pltfs shall provide their discovery requests to the Government on or before 7/19/2004 and Discovery shall close on 9/10/2004. Signed by Judge Edward J. Damich. (jcp, ) (Entered: 07/19/2004) |
| 07/20/2004 | | Set/Reset Transcript Deadlines: Transcript due by 8/13/2004. (vp1, ) (Entered: 07/20/2004) |
| 07/27/2004 | 73 | TRANSCRIPT of Proceedings in One Volume held on 7/13/2004 before Chief Judge Edward J. Damich. (jcp, ) (Entered: 07/29/2004) |
| 09/08/2004 | 74 | STATUS REPORT ORDER: On or before 9/17/2004, the parties shall file a Joint Status Report. Signed by Judge Edward J. Damich. (jcp, ) (Entered: 09/09/2004) |
| 09/10/2004 | 75 | UNOPPOSED MOTION for Extension of Time to File Response to Pltfs' First Set of Document Requests, and to Submit a Joint Status Report, until 10/4/2004, by USA.Service: 9/10/2004. Response due by 9/27/2004. (jcp, ) (Entered: 09/15/2004) |
| 09/15/2004 | 76 | ORDER granting [75] Dft's Unopposed Motion for Extension of Time to Respond to Pltf's First Set of Document Requests and to Submit a Joint Status Report.The Pltf's discovery will be extended |

| | | |
|---|---|---|
| | | to 10/4/2004 and a Joint Status Report shall be filed on or before 10/15/2004. Signed by Judge Edward J. Damich. (jcp, ) (Entered: 09/20/2004) |
| 10/15/2004 | 77 | MOTION for Extension of Time until 11/16/04 to file Joint Status Report by USA.Service: 10/15/04. Response due by 11/1/2004 (jat, ) (Entered: 10/22/2004) |
| 10/18/2004 | 78 | ORDER granting [77] Motion for Extension of Time . Joint Status Report due by 11/16/2004. Signed by Judge Edward J. Damich. (jat, ) (Entered: 10/25/2004) |
| 11/10/2004 | 79 | ORDER: The Court ORDERS that the briefing of [64] Pltf's MOTION for Class Certification shall be STAYED until after a decision is reached on Dft's motion for summary judgment. Signed by Judge Edward J. Damich. (jcp, ) (Entered: 11/16/2004) |
| 11/16/2004 | 80 | MOTION for Extension of Time until 12/13/2004 to file a Joint Status Report on Behalf of the Parties by WILLIAM A. CLARK, USA.Service: 11/16/2004. Response due by 12/3/2004. (jcp, ) (Entered: 11/18/2004) |
| 11/18/2004 | 81 | ORDER granting [80] Pltf's Motion for Extension of Time. Pltf's Discovery will close on 12/13/2004. A Joint Status Report shall be filed on 12/13/2004. Signed by Judge Edward J. Damich. (jcp, ) (Entered: 11/19/2004) |
| 12/13/2004 | 82 | JOINT STATUS REPORT by WILLIAM A. CLARK and USA. Service: 12/13/04.(dw1) (Entered: 12/16/2004) |
| 12/17/2004 | 83 | SCHEDULING ORDER: As the parties have agreed to the schedule and as the Court finds this schedule to be reasonable, the Court hereby ORDERS that plaintiff shall file his response to Defendant's motion to dismiss, which shall be limited to 40 pages in length, on or before 2/11/2005 and Defendant shall file its reply on or before 3/14/2005. It is further noted that Plaintiff's period of limited Discovery will continue until 2/11/2005. Signed by Judge Edward J. Damich. (hw1, ) (Entered: 12/29/2004) |
| 02/07/2005 | 84 | MOTION for Extension of Time until 03/31/05 to File an Opposition to the Government's Motion for Summary Judgment by WILLIAM A. CLARK.Service: 02/07/05. Response due by 2/24/2005 (mb2, ) (Entered: 02/08/2005) |
| 02/08/2005 | 85 | ORDER granting [84] Motion for Extension of Time. Response due by 3/21/2005. Reply due by 5/3/2005. Signed by Judge Edward J. Damich. (mb2, ) (Entered: 02/10/2005) |
| 02/08/2005 | | Set Deadlines/Hearings: re: [85] Order; Motion for a Protective Order due by 2/16/2005. Response due by 2/28/2005. Reply due by 3/8/2005. Hearing set for 3/15/2005 in Court before Chief Judge Edward J. Damich. A Decision regarding the Protective Order will issue by 3/25/05. (mb2, ) (Entered: 02/10/2005) |

| | | |
|---|---|---|
| 02/14/2005 | 86 | SCHEDULING ORDER: Hearing set for 3/15/2005 at 02:00 PM before Chief Judge Edward J. Damich. Signed by Judge Edward J. Damich. (mb2, ) (Entered: 02/15/2005) |
| 02/16/2005 | 87 | MOTION for Entry of a Protective Order by WILLIAM A. CLARK.Service: 2/16/2005. Response due by 3/7/2005 (mb2, ) (Entered: 02/18/2005) |
| 02/28/2005 | 88 | RESPONSE to [87] MOTION for Protective Order filed by USA. Reply due by 3/8/2005. Service: 2/28/2005.(mb2, ) (Entered: 03/02/2005) |
| 03/14/2005 | 89 | ORDER ALLOWING THE FILING: Plaintiffs' Reply Brief in Support of Their Motion for Entry of a Protective Order. Supplemental Appendix with an original Second Declaration of Robert E. Freeburg, and In Camera documents in support of Plaintiffs' motion and reply brief due by 3/21/2005. Signed by Judge Edward J. Damich. (mb2, ) (Entered: 03/15/2005) |
| 03/14/2005 | 90 | REPLY to Response to Motion re [87] MOTION for Protective Order filed by WILLIAM A. CLARK. [FILED BY LEAVE OF THE JUDGE] Service: 3/8/2005.(mb2, ) (Entered: 03/15/2005) |
| 03/16/2005 | | Set/Reset Transcript Deadlines: Transcript due by 4/15/2005. (vp1, ) (Entered: 03/16/2005) |
| 03/16/2005 | 91 | SCHEDULING ORDER: Joint Proposed Protective Order due by 3/23/2005. Deadlines for the response and reply as the the motion for summary judgement are cancelled. Signed by Judge Edward J. Damich. (mb2, ) (Entered: 03/18/2005) |
| 03/21/2005 | | TRANSCRIPT (Pg's 1-51) of Proceedings held on 3/21/05 before Judge Edward J. Damich. (eph, ) (Entered: 03/22/2005) |
| 03/23/2005 | 92 | MOTION for Extension of Time until 3/28/2005 to File Joint Proposed Protective Order filed by USA. Service: 3/23/2005. Response due by 4/11/2005. (mb2, ) (Entered: 03/28/2005) |
| 03/24/2005 | 93 | ORDER granting [92] Motion for Extension of Time. Joint Proposed Protective Order due by 3/28/2005. Signed by Judge Edward J. Damich. (mb2, ) (Entered: 03/28/2005) |
| 03/24/2005 | 94 | MOTION for Leave to File Supplemental Appendix and Lodge Documents In Camera filed by WILLIAM A. CLARK.Service: 3/24/2005. Response due by 4/11/2005. (mb2, ) (Entered: 03/29/2005) |
| 03/25/2005 | 95 | ORDER granting [94] Motion for Leave to File Supplemental Appendix and Lodge Documents In Camera. Signed by Judge Edward J. Damich. (mb2, ) (Entered: 03/30/2005) |
| 03/25/2005 | 96 | SUPPLEMENTAL APPENDIX re: [90] Reply to Response to Motion by WILLIAM A. CLARK. (mb2, ) (Entered: 03/30/2005) |
| | | |

| 03/31/2005 | 97 | ORDER RETURNING UNFILED: Parties' Protective Order received 3/28/2005.Notice of Compliance due by 4/5/2005. Signed by Chief Judge Edward J. Damich. (mb2, ) (Entered: 04/05/2005) |
|---|---|---|
| 04/01/2005 | 98 | NOTICE of Proposed Protective Order by all parties. Service: 4/1/2005.(mb2, ) (Entered: 04/06/2005) |
| 04/08/2005 | 99 | PROTECTIVE ORDER. Signed by Chief Judge Edward J. Damich. (mb2, ) (Entered: 04/13/2005) |
| 04/21/2005 | 100 | STATUS REPORT ORDER: Status Report due by 5/11/2005. Signed by Judge Emily C. Hewitt for Chief Judge Edward J. Damich. (mb2, ) Modified on 4/25/2005 (mb2, ). (Entered: 04/25/2005) |
| 05/04/2005 | 101 | ORDER directing the Clerk of the Court to designate this case as an ECF case. All future filings shall be in electronic form pursuant to General Order 42A. Furthermore, as Plaintiff's counsel has not registered and been trained in the ECF system, counsel for Plaintiff is hereby ordered to do so in time for the filing of the 5/11/05 Joint Status Report. Signed by Judge Edward J. Damich. (jat, ) (Entered: 05/06/2005) |
| 05/04/2005 | 102 | NOTICE of Designation of Electronic Case. (jat, ) (Entered: 05/06/2005) |
| 05/11/2005 | 103 | JOINT STATUS REPORT by all parties. (Attachments: # 1 Text of Proposed Order)(Mickle, Douglas) (Entered: 05/11/2005) |
| 05/16/2005 | 104 | SCHEDULING ORDER: Plaintiff shall file its opposition to Defendant's motion for summary judgment on or before 6/10/2005. Defendant shall file its reply on or before 7/11/2005. Signed by Chief Judge Edward J. Damich. (jpk) (Entered: 05/16/2005) |
| 06/10/2005 | 105 | COUNTER STATEMENT OF FACTS re: *Defendant's Proposed Findings of Uncontroverted Facts* by WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 - 4, JANE DOES 1 - 3. (Sutton, Alan) (Entered: 06/10/2005) |
| 06/10/2005 | 106 | **SEALED**RESPONSE to [60] MOTION for Summary Judgment filed by WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 - 4, JANE DOES 1 - 3. Reply due by 7/11/2005. (Attachments: # (1) Appendix # (2) Appendix # (3) Appendix # (4) Appendix # (5) Appendix # (6) Appendix # (7) Appendix # (8) # (9) Appendix # (10) Appendix # (11) # (12) # (13) # (14) # (15) # (16)) (Michael, Helen) Modified on 6/13/2005 to correct reply deadline (jat, ). (Entered: 06/10/2005) |
| 06/10/2005 | 107 | **SEALED**PROPOSED ADDITIONAL FACTS re: [60] Motion for Summary Judgment by WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. |

| | | |
|---|---|---|
| | | MUSTIN, JOHN DOES 1 - 4, JANE DOES 1 - 3. (Sutton, Alan) (Entered: 06/10/2005) |
| 06/13/2005 | 108 | **SEALED**NOTICE by all plaintiffs re 105 Statement of Facts, [106] Response to Motion,, [107] Proposed Additional Facts *of Errata Regarding Statement of Facts, Response to Motion, and Proposed Additional Facts* (Attachments: # (1) Exhibit Opposition Brief# (2) Exhibit Plaintiffs' Response to Proposed Findings# (3) Exhibit Statement of Additional Material Facts# (4) Exhibit Appendix, Pages 1-40# (5) Exhibit Appendix, Pages 215-249) (Michael, Helen) (Entered: 06/13/2005) |
| 06/13/2005 | 109 | RESPONSE to [60] MOTION for Summary Judgment *(Redacted Version)* filed by WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 - 4, JANE DOES 1 - 3. Reply due by 6/27/2005. (Attachments: # 1 Appendix Index# 2 Appendix # 3 Appendix # 4 Appendix # 5 Appendix # 6 Appendix # 7 Appendix # 8 Appendix # 9 Appendix # 10 Appendix # 11 Appendix # 12 Appendix # 13 Appendix # 14 Appendix # 15 Appendix # 16 Appendix # 17 Appendix # 18 Appendix)(Michael, Helen) (Entered: 06/13/2005) |
| 06/13/2005 | 110 | PROPOSED ADDITIONAL FACTS re: [60] Motion for Summary Judgment *(Redacted Version)* by all plaintiffs. (Michael, Helen) (Entered: 06/13/2005) |
| 07/07/2005 | 111 | MOTION for Extension of Time to File Reply as to [106] Response to Motion,, [107] Proposed Additional Facts, [108] Notice (Other), Notice (Other), 109 Response to Motion,,,until July 18, 2005, filed by USA. Response due by 7/25/2005. (Mickle, Douglas) (Entered: 07/07/2005) |
| 07/12/2005 | | ORDER granting 111 Defendant's Motion for Extension of Time to File Reply to [106] Response to Motion, [107] Proposed Additional Facts, [108] Notice (Other), Notice (Other), 109 Response to Motion, until July 18, 2005. Signed by Chief Judge Edward J. Damich. (jsb) (Entered: 07/12/2005) |
| 07/12/2005 | | Set/Reset Deadlines: Reply due by 7/18/2005. (jat, ) (Entered: 07/12/2005) |
| 07/18/2005 | 112 | RESPONSE to PROPOSED FINDINGS of Uncontroverted Fact *or Plts' Statements of Additional Material Facts Precluding Summary Judgment* by USA. (Mickle, Douglas) (Entered: 07/18/2005) |
| 07/18/2005 | 113 | RESPONSE to PROPOSED FINDINGS of Uncontroverted Fact *Part 2 pages 32-50 to Plts' Proposed Additional Material Facts Precluding Summary Judgment* by USA. (Mickle, Douglas) (Entered: 07/18/2005) |
| 07/18/2005 | 114 | REPLY to Response to Motion re [60] MOTION for Summary Judgment *by Plaintiffs Who Filed A Brief in Response and* |

| | | |
|---|---|---|
| | | *Opposition to the MSJ* filed by USA. (Attachments: # 1 Appendix Supplemental with Regulatory Extract pages 415-560# 2 Appendix pages 633-647# 3 Appendix pages 651-667# 4 Appendix pages 668-708# 5 Appendix 709-732# 6 Appendix pages 733-766# 7 Appendix pages 767-792# 8 Appendix pages 793-818# 9 Appendix pages 819-848# 10 Appendix pages 849-861# 11 Appendix pages 862-897# 12 Affidavit pages 862-880# 13 Appendix pages 881-897# 14 Appendix pages 898-924# 15 Appendix pages 925-949# 16 Appendix pages 950-976# 17 Appendix pages 977-1009# 18 Appendix pages 1010-1035# 19 Appendix pages 1036-1063# 20 Appendix pages 1064-1095# 21 Appendix pages 1096-1114# 22 Appendix pages 1115-1128# 23 Appendix pages 1129-1150# 24 Appendix pages 1151-1179# 25 Appendix pages 1180-1207# 26 Appendix pages 1208-1227# 27 Appendix pages 1228-1256# 28 Appendix pages 1257-1285# 29 Appendix pages 1257-1272# 30 Appendix pages 1273-1285# 31 Appendix pages 1286-1307# 32 Appendix pages 1308-1325# 33 Appendix pages 1326-1347# 34 Appendix pages 1326-1347# 35 Appendix pages 1377-1410# 36 Appendix pages 1411-1421# 37 Appendix pages 1422-1453# 38 Appendix pages 1454-1467) (Mickle, Douglas) (Entered: 07/18/2005) |
| 08/10/2005 | 115 | ORDER Setting Hearing on [60] Defendant's MOTION for Summary Judgment. Oral Argument set for 9/29/2005 at 10:00 am in the courtroom before Chief Judge Edward J. Damich. Signed by Chief Judge Edward J. Damich. (jpk) (Entered: 08/10/2005) |
| 08/15/2005 | 116 | MOTION for Leave to File Corresponding CD-Rom filed by WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 - 4, JANE DOES 1 - 3. Response due by 9/1/2005. (Cooper, Charles) (Entered: 08/15/2005) |
| 09/12/2005 | | ORDER granting 116 Plaintiffs' Motion for Leave to File A Corresponding CD-ROM. Signed by Chief Judge Edward J. Damich. (tjc) (Entered: 09/12/05) (Entered: 09/12/2005) |
| 09/29/2005 | 117 | NOTICE by all plaintiffs *of Acknowledgment to Protective Order signed by Willie R. Johnson* (Michael, Helen) (Entered: 09/29/2005) |
| 09/29/2005 | | Set/Reset Transcript Deadlines: Transcript due by 10/4/2005. (vp1, ) (Entered: 09/29/2005) |
| 10/06/2005 | 118 | TRANSCRIPT of Proceedings held on September 29, 2005 before Judge Edward J. Damich. (dw1) (Entered: 10/07/2005) |
| 01/06/2006 | 119 | NOTICE of Change of Address by Charles J. Cooper (Cooper, Charles) (Entered: 01/06/2006) |
| 01/11/2006 | 120 | NOTICE of Additional Authority *by the United States of recently enacted Section 604 of the NDAA for FY 2006* (Attachments: # 1 |

|  |  | Appendix Extract NDAA 2006 (H.R. 1815) section 604# 2 Appendix Extract Conference Report 109-360 accompanying NDAA 2006)(Mickle, Douglas) (Entered: 01/11/2006) |
| --- | --- | --- |
| 01/19/2006 | 121 | RESPONSE to *Defendant's Notice of Supplemental Authority*, filed by WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 - 4, JANE DOES 1 - 3. (Michael, Helen) (Entered: 01/19/2006) |
| 01/25/2006 | 122 | **SEALED**SEALED OPINION re: [60] MOTION for Summary Judgment filed by USA. Status Report re: redactions due 2/8/2006. Joint Status Report due by 2/17/2006. Status Confence to be held 2/27/2006, at 2:00 pm ET. Signed by Chief Judge Edward J. Damich. (jpk) (Entered: 01/25/2006) |
| 01/25/2006 |  | Set Hearings: Status Conference set for 2/27/2006 at 2:00 PM before Chief Judge Edward J. Damich. (mb2, ) (Entered: 01/26/2006) |
| 01/31/2006 | 123 | JOINT STATUS REPORT, filed by all parties. (Mickle, Douglas) (Entered: 01/31/2006) |
| 02/01/2006 | 124 | Reissued for publication: opinion DENYING Defendant's Motion for Summary Judgment, originally filed January 26, 2005. Signed by Chief Judge Edward J. Damich. (jpk) (Entered: 02/01/2006) |
| 02/16/2006 |  | STATUS CONFERENCE ORDER: the February 27, 2006, telephonic status conference is cancelled. An in court status conference will be held on March 31, 2006, at 11:00 AM. The status conference will be held on the record. The deadline for filing the JSR is extended from February 17, 2006, to March 10, 2006. Signed by Chief Judge Edward J. Damich. (tjc) (Entered: 02/16/2006) |
| 02/17/2006 |  | Set Deadlines/Hearings: Joint Status Report due by 3/10/2006. (mb2, ) (Entered: 02/17/2006) |
| 03/09/2006 | 125 | First MOTION for Extension of Time until 3/20/2006 to File Joint Status Report, filed by WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 - 4, JANE DOES 1 - 3. Response due by 3/10/2006. (Michael, Helen) (Entered: 03/09/2006) |
| 03/13/2006 |  | ORDER granting 125 Plaintiffs' Unopposed Motion for Extension of Time to file joint status report. The parties shall file the joint status report on or before 3/20/06. The in-court status conference set for 3/31/06 is rescheduled to 4/20/06 at 2 p.m. Signed by Chief Judge Edward J. Damich. (tjc) (Entered: 03/13/2006) |
| 03/13/2006 |  | Set Deadlines/Hearings: Joint Status Report due by 3/20/2006. Scheduling Conference set for 4/20/2006 at 2:00 PM in National Courts Building before Chief Judge Edward J. Damich. (mb2, ) |

| | | (Entered: 03/14/2006) |
|---|---|---|
| 03/20/2006 | 126 | JOINT STATUS REPORT, filed by WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 - 4, JANE DOES 1 - 3. (Michael, Helen) (Entered: 03/20/2006) |
| 04/17/2006 | 127 | ORDER TRANSFERRING CASE to Judge Nancy B. Firestone. The status conference scheduled for April 20, 2006, at 2:00 p.m. will be held by Judge Firestone.Signed by Chief Judge Edward J. Damich. (tjc) (Entered: 04/17/2006) |
| 04/17/2006 | 128 | ORDER correcting Order transferring case to Judge Nancy B. Firestone. Signed by Chief Judge Edward J. Damich. (tjc) (Entered: 04/17/2006) |
| 04/17/2006 | 129 | NOTICE of Reassignment. Case reassigned to Judge Nancy B. Firestone for all further proceedings. Judge Edward J. Damich no longer assigned to the case. (mb2, ) (Entered: 04/17/2006) |
| 04/19/2006 | 130 | STATUS CONFERENCE ORDER: **Status Conference set for 5/15/2006 10:00 AM in Courtroom before Judge Nancy B. Firestone.** Signed by Judge Nancy B. Firestone. (cvhj, ) (Entered: 04/19/2006) |
| 05/15/2006 | | Set/Reset Transcript Deadlines: Transcript due by 6/15/2006. (vp1, ) (Entered: 05/15/2006) |
| 05/16/2006 | 131 | SCHEDULING ORDER:**Answer due by 6/12/2006. Discovery due by 10/3/2006. Notice of Compliance: Initial disclosures due by 7/5/2006.** Signed by Judge Nancy B. Firestone. (dpk) (Entered: 05/16/2006) |
| 06/08/2006 | 133 | TRANSCRIPT of Proceedings held on May 15, 2006 before Judge Nancy B. Firestone. (dw1) (Entered: 06/13/2006) |
| 06/12/2006 | 132 | *Defendant's* ANSWER to Amended Complaint *pursuant to the Court's May 16, 2006 Scheduling Order,* filed by USA.JPSR due by 8/3/2006. (Mickle, Douglas) (Entered: 06/12/2006) |
| 09/08/2006 | 134 | STIPULATION *for a Stay of Discovery,* filed by all plaintiffs. (Michael, Helen) (Entered: 09/08/2006) |
| 09/12/2006 | 135 | ORDER Granting the parties' motion (stipulation and proposed order filed 9-8-06) to stay discovery until after the pending 2007 NDAA is signed into law. The parties shall contact the court within two weeks of the enactment of the NDAA to schedule a status conferenc call. Signed by Judge Nancy B. Firestone. (dpk) (Entered: 09/12/2006) |
| 10/18/2006 | 136 | NOTICE, filed by USA *of second notice of supplemental authority (NDAA 2007 signed into law)* (Attachments: # 1 Appendix Extract of NDAA 2007)(Mickle, Douglas) (Entered: 10/18/2006) |
| | | |

| 11/06/2006 | 137 | STATUS CONFERENCE ORDER: **Status Conference set for 11/14/2006 11:00 AM in Chambers (Telephonic) before Judge Nancy B. Firestone. Signed by Judge Nancy B. Firestone. (dpk) (Entered: 11/06/2006)** |
|---|---|---|
| 11/13/2006 | 138 | JOINT STATUS REPORT, filed by all plaintiffs. (Michael, Helen) (Entered: 11/13/2006) |
| 11/15/2006 | 139 | SCHEDULING ORDER:**Amended Complaint due by 12/5/2006. Government's motion to dismiss due by 1/5/2007. Plaintiff's Response and [cross] motion for summary judgment due by 2/5/2007. Remaining briefs shall be filed in accordance with the Rules.** Signed by Judge Nancy B. Firestone. (jo2) Modified on 11/15/2006 to edit docket text.(dls ). (Entered: 11/15/2006) |
| 12/05/2006 | 140 | SECOND AMENDED COMPLAINT against. (Michael, Helen) (Entered: 12/05/2006) |
| 01/05/2007 | 141 | MOTION to Dismiss pursuant to Rule 12(b)(1) *and Rule 12(b)(6)*, filed by USA.**Response due by 2/5/2007.** (Attachments: # 1 Appendix Extracts of NDAA FY 2007 and 2006)(Mickle, Douglas) (Entered: 01/05/2007) |
| 01/29/2007 | 142 | First MOTION for Extension of Time until 2/12/2007 to Opposition to Motion to Dismiss, filed by WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 - 4, JANE DOES 1 - 3.**Response due by 2/15/2007.**(Michael, Helen) (Entered: 01/29/2007) |
| 01/31/2007 | 143 | ORDER granting 142 Motion for Extension of Time **Plaintiff's Response to Defendant's Motion to Dismiss due by 2/12/2007. Further briefs shall be filed in accordance with the Rules of the United States Court of Federal Claims.** Signed by Judge Nancy B. Firestone. (dpk) (Entered: 01/31/2007) |
| 02/12/2007 | 144 | First MOTION for Partial Summary Judgment, filed by WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 - 4, JANE DOES 1 - 3.**Response due by 3/15/2007.**(Michael, Helen) (Entered: 02/12/2007) |
| 02/12/2007 | 145 | RESPONSE to 141 MOTION to Dismiss pursuant to Rule 12(b)(1) *and Rule 12(b)(6)*, filed by WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 - 4, JANE DOES 1 - 3.**Reply due by 3/1/2007.** (Michael, Helen) (Entered: 02/12/2007) |
| 02/28/2007 | 146 | Unopposed MOTION for Extension of Time until March 26, 2007 to File Response or Reply as to 145 Response to Motion [Dispositive], Response to Motion [Dispositive], 144 First MOTION for Partial Summary Judgment, filed by USA.**Response due by 3/19/2007.**(Mickle, Douglas) (Entered: 02/28/2007) |

| 03/02/2007 | 147 | ORDER granting 146 Motion for Extension of Time to File Response/Reply **Defendant shall file its response by 3/26/2007.** Plaintiffs' reply shall be filed in accordance with the Rules of the United States Court of Federal Claims. Signed by Judge Nancy B. Firestone. (dpk) (Entered: 03/02/2007) |
|---|---|---|
| 03/26/2007 | 148 | REPLY to Response to Motion re 144 First MOTION for Partial Summary Judgment, filed by USA. (Mickle, Douglas) (Entered: 03/26/2007) |
| 04/05/2007 | 149 | First MOTION for Extension of Time until 4/26/2007 to Reply to Opposition to Cross Motion for Summary Judgment, filed by WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 - 4, JANE DOES 1 - 3.**Response due by 4/23/2007.** (Michael, Helen) (Entered: 04/05/2007) |
| 04/06/2007 | 150 | ORDER granting 149 Motion for Extension of Time**Plaintiff's reply brief due by 4/26/2007** Signed by Judge Nancy B. Firestone. (dpk) (Entered: 04/06/2007) |
| 04/10/2007 | 151 | ORDER Setting Oral Argument on 144 Plaintiffs' MOTION for Partial Summary Judgment and 141 Government's MOTION to Dismiss pursuant to Rule 12(b)(1) *and Rule 12(b)(6)* : **Oral Argument set for 5/18/2007 at 10:00 AM in the National Courts Building before Judge Nancy B. Firestone.** Signed by Judge Nancy B. Firestone. (O'Connell, Jessica) (Entered: 04/10/2007) |
| 04/26/2007 | 152 | First MOTION for Leave to Exceed Page Limit of Plaintiffs' Reply in Support of its Cross-Motion for Partial Summary Judgment and Its Opposition to the Government's Motion to Dismiss by 8 pages, filed by WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 - 4, JANE DOES 1 - 3.**Response due by 5/14/2007.** (Michael, Helen) (Entered: 04/26/2007) |
| 04/26/2007 | 153 | REPLY to Response to Motion re 141 MOTION to Dismiss pursuant to Rule 12(b)(1) *and Rule 12(b)(6),* 144 First MOTION for Partial Summary Judgment, filed by WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 - 4, JANE DOES 1 - 3. (Michael, Helen) (Entered: 04/26/2007) |
| 04/27/2007 | 154 | ORDER granting 152 Motion for Leave to File Excess Pages Signed by Judge Nancy B. Firestone. (dpk) (Entered: 04/27/2007) |
| 05/03/2007 | 155 | ORDER identifying issues the parties should be prepared to address at oral argument. Signed by Judge Nancy B. Firestone. (jo) (Entered: 05/03/2007) |
| 05/17/2007 | | Set/Reset Transcript Deadlines: Transcript due by 5/23/2007. (vp1, ) (Entered: 05/17/2007) |
| | | |

| 05/21/2007 | 156 | TRANSCRIPT of Proceedings (pages 1-47) held on May 18, 2007 before Judge Nancy B. Firestone. (dw1) (Entered: 05/22/2007) |
| 05/24/2007 | 157 | SCHEDULING ORDER: **Plaintiffs' Supplemental Brief due by 6/8/2007. Government's Response due by 6/22/2007.** Signed by Judge Nancy B. Firestone. (jo) (Entered: 05/24/2007) |
| 06/08/2007 | 158 | SUPPLEMENTAL BRIEF re: 144 Motion for Partial Summary Judgment,, filed by WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 - 4, JANE DOES 1 - 3. (Michael, Helen) (Entered: 06/08/2007) |
| 06/22/2007 | 159 | MOTION for Extension of Time until July 6, 2007 to file defendant's response to issues raised in the Court's May 24, 2007 order, filed by USA.**Response due by 7/9/2007.**(Mickle, Douglas) (Entered: 06/22/2007) |
| 06/25/2007 | 160 | ORDER granting 159 Motion for Extension of Time **Defendant's Reply to Plaintiffs' Supplemental Brief due by 7/6/2007** Signed by Judge Nancy B. Firestone. (dpk) (Entered: 06/25/2007) |
| 07/06/2007 | 161 | SUPPLEMENTAL BRIEF *Responding To Issues Raised In The Court's May 24, 2007 Order*, filed by USA. (Mickle, Douglas) (Entered: 07/06/2007) |
| 07/17/2007 | 162 | ORDER denying 141the Government's Motion to Dismiss - Rule 12(b)(1); denying 144 the Plaintiffs' Motion for Partial Summary Judgment. Joint Status Report due by July 31, 2007. Signed by Judge Nancy B. Firestone. (jo) (Entered: 07/17/2007) |
| 07/27/2007 | 163 | First MOTION for Extension of Time until 8/3/2007 to File Status Report *(Unopposed)*, filed by WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 - 4, JANE DOES 1 - 3.**Response due by 8/13/2007.**(Michael, Helen) (Entered: 07/27/2007) |
| 07/30/2007 | 164 | ORDER granting 163 Joint Motion for Extension of Time. **Joint Status Report due by 8/3/2007.** Signed by Judge Nancy B. Firestone. (jo) (Entered: 07/30/2007) |
| 08/03/2007 | 165 | STATUS REPORT, filed by all parties. (Michael, Helen) (Entered: 08/03/2007) |
| 08/07/2007 | 166 | DISCOVERY SCHEDULING ORDER: **The stay of discovery is Lifted. Plaintiffs' Third Amended Complaint due by 8/21/2007. Written Discovery due by 10/1/2007. Deposition Discovery due by 1/15/2008.** Signed by Judge Nancy B. Firestone. (jo) (Entered: 08/07/2007) |
| 08/21/2007 | 167 | AMENDED COMPLAINT *(Third)*, filed by all plaintiffs.. (Michael, Helen) (Entered: 08/21/2007) |

| 08/24/2007 | 168 | NOTICE of Change of Address by Helen Katherine Michael (Michael, Helen) (Entered: 08/24/2007) |
| --- | --- | --- |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 11/27/2007 17:14:40 | | | |
| **PACER Login:** | us4894 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:00-cv-00644-NBF |
| **Billable Pages:** | 11 | **Cost:** | 0.88 |